FILED'08 AUG 03 16:03 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEFFREY HENRY AMES,                                CV. 07-288-PA

       Petitioner,

   v.                                              OPINION AND ORDER

MITCH MORROW,

       Respondent.

   MARK B. WEINTRAUB
   Assistant Federal Public Defender
   151 West Seventh Avenue
   Eugene, OR  97401

       Attorney for Petitioner


   HARDY MYERS
   Attorney General
   LESTER R. HUNTSINGER
   Oregon Department of Justice
   1162 Court Street, NE
   Salem, OR  97301

       Attorneys for Respondent

1 - OPINION AND ORDER

PANNER, District Judge

Petitioner, an inmate at Oregon State Penitentiary, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges the legality of his 1998 convictions. For the reasons set forth below, the Amended Petition for Writ of Habeas Corpus (#12) is DISMISSED for lack of subject matter jurisdiction.

## BACKGROUND[1]

In 1998, Petitioner was convicted after pleading guilty on four counts of Sodomy and two counts of Sexual Abuse. The trial court imposed a combination of consecutive and concurrent sentences for a total of 405 months imprisonment.

Petitioner did not file a direct appeal but sought state post-conviction relief ("PCR"), first in May, 1999, and again in December, 2000. His first PCR petition was dismissed on his own motion, and the second was dismissed on the State's motion. Petitioner appealed without success and Appellate Judgment issued on April 15, 2003.

On August 15, 2003, Petitioner filed a Petition for Writ of Habeas Corpus in this Court pursuant to 28 U.S.C. § 2254. (U.S. District Court Case No. CV 03-1119-HU.) The petition was denied as untimely and dismissed with prejudice. (Respt.'s Exs. 103 and 104.) The Ninth Circuit Court of Appeals denied Petitioner's

---

[1] The information in this section is taken from Petitioner's Memorandum, docket #39.

request for a Certificate of Appealability, and the United States Supreme Court denied certiorari.

On April 30, 2007, Petitioner filed the instant Amended Petition for Writ of Habeas Corpus (#12). Respondent urges the Court to dismiss the petition for lack of jurisdiction as Petitioner did not seek authorization from the Ninth Circuit Court of Appeals to file a second or successive habeas corpus action.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) places limitations on a petitioner's ability to file a second or successive habeas petition. 28 U.S.C. § 2244. Section 2244(b)(3)(A) requires a petitioner to obtain the permission of the court of appeals before filing a second or successive petition in district court. A failure to do so deprives the district court of jurisdiction to hear the case. *Burton v. Stewart*, 127 S.Ct. 793, 799 (2007) (per curiam). A new federal habeas corpus petition is a "second or successive habeas corpus application," for purposes of the AEDPA, if it raises claims that were or could have been adjudicated on their merits in an earlier petition. 28 U.S.C. § 2244(b).

There is no evidence in the record that the claims presented in this action were not, or could not have been included in Petitioner's first habeas action. Accordingly, I find Petitioner's Amended Petition to be a second or successive petition. Because Petitioner did not obtain authorization from the Ninth Circuit

3 - OPINION AND ORDER

Court of Appeals before filing this action, this Court lacks jurisdiction to hear the case.

## CONCLUSION

Based on the foregoing, Petitioner's Amended Petition for Writ of Habeas Corpus (#12) is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED.

DATED this ___ day of Aug, 2008.

Owen M. Panner
United States District Judge

4 - OPINION AND ORDER